UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS SOFTWARE SOLUTIONS, INC. d/b/a IBSS, | : : : : | |
| Plaintiff, | : : | Civil Action No. 05-cv-4629 (PGS) |
| V. | : : | |
| SAIL LABS TECHNOLOGY, AG, | : : | OPINION |
| Defendant. | : : | |

**SHERIDAN, U.S.D.J.**

     This is an appeal of the Magistrate Judge's decision denying plaintiff's motion to remand this matter to the New Jersey Superior Court, and granting defendant's motion to dismiss on grounds of international comity. There was also a motion by plaintiff to disqualify defendant's attorneys due to a conflict of interest (evidently, the magistrate did not render a decision on this issue). Objections raised to dispositive issues are afforded a de novo review. Fed. R. Civ. P. 72(b); 28 U.S.C. §636(b)(1). The Court has reviewed the complete record including the papers submitted in connection with this objection. In short, the decision of Magistrate Judge Hedges is affirmed primarily for the reasons set forth in his Report and Recommendations dated March 6, 2006. The Court adds the following comments.

     Basically, this is a business dispute arising from several contracts and alleged oral representations between a New Jersey corporation and one based in Austria. There is another case pending in Austria which concerns the same facts and issues.

     In the papers filed on appeal, International Business Software Solutions, Inc. (IBSS) asserts

that it did not set forth a counterclaim within the litigation pending in Austria, and Judge Hedges decision appears to indicate otherwise. It is the substance of those counterclaims which movant believes is subject to the jurisdiction of this Court, and which precludes the application of the principle of comity in this case. The defendant, Sail Labs Technology, does not disagree with this contention, but avers that such claims may still be timely brought before the Austrian Courts. From this Court's review, the Magistrate's Order is broad enough to encompass the concern of the plaintiff. That is, if the substantive claims in the counterclaim are not addressed by the Austrian Courts, then IBSS may seek reconsideration here.

In the event reconsideration is required, the motion to disqualify the firm of Levy, Ehrlich & Petrillo (LEP) must be addressed. From a review of the briefs, the motion to disqualify is denied for the following reasons.

Plaintiff, IBSS alleges that LEP had previously represented it on several matters between 2000 and 2002, and LEP obtained confidential information including trade secrets of IBSS. However, the affidavits in support of those allegations are ambiguous, non-specific, and are not supported by other facts presented. The parties agree that LEP represented IBSS on five straightforward collection cases all of which resulted in the entry of default judgments. The case arose out of contracts to provide temporary technology employees to various business entities. There were no trade secrets, or confidential matters involved.

The operative rule is R.P.C. 1.9 which governs successive representations. That Rule states, in relevant part:

> (a) A lawyer who has represented a client in a matter shall not thereafter:
>> (1) represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client consents after a full disclosure of the circumstances and consultation with the former client...

The threshold inquiry is whether the matters which LEP handled for IBSS were substantially related to the matter before the Court. The New Jersey Supreme Court employs a "substantial relationship" test for determining whether disqualification is warranted under R.P.C. 1.9(a)(1). Under that test, a movant must prove: (1) the existence of a past attorney-client relationship between the movant and the attorney sought to be disqualified; (2) that the interests of the attorney's current client are materially adverse to those of the movant; and (3) the current representation involves the same or a matter substantially related to the former representation. *Host Marriott Corp. v. Fast Food Operators, Inc.*, 891 F.Supp. 1002, 1007 (D.N.J.1995). Where the moving party has established that the matters are substantially related, the Court will presume that the attorney has acquired confidential information from the former client. *Essex Chemical Corp. v. Hartford Accident and Indemnity*, 993 F.Supp. 241, 246 (D.N.J. 1998) (citing *Reardon v. Marlayne, Inc.*, 83 N.J. 460, 473, 416 A.2d 852 (1980); *Herbert v. Haytaian*, 292 N.J.Super. 426, 438, 678 A.2d 1183, 1189 (App.Div.1996)). In this case, plaintiff fails to establish any substantive relationship between the matters because the current matter (a dispute over software licensing matter) does not relate to the previous contracts to provide temporary workers.

The case is dismissed without prejudice, and without costs.

July 19, 2006

S/ *Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.